IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| Javier Silva, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff | § § § | |
| v. | § § | CASE NO. |
| Agave Transportation Services, Inc., | § § | COLLECTIVE AND CLASS ACTION |
| Defendant | § § | DEMAND FOR JURY TRIAL |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Javier Silva ("Silva" or "Plaintiff"), individually and on behalf of all others similarly situated, files this Complaint against Agave Transportation Services, Inc. ("Agave" or "Defendant") showing in support as follows:

## I.     NATURE OF ACTION

1.      This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendants' failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek while working for Defendant.

2.      Pursuant to 29 U.S.C. § 216(b), Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former oilfield truck driver employees who worked for Defendant and who like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven-day workweek for the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3.      This civil action is also brought as a Rule 23 class action under the New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-20 – 50-4-30 ("NMMWA") for Defendant's failure to pay Plaintiff and similarly situated class members time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant.

4.      Plaintiff and the Class/Collective Action Members seek all damages available under the FLSA and NMMWA, including back wages, liquidated damages, legal fees, costs, and pre- and post-judgment interest.

## II.      THE PARTIES

### A.      Plaintiff Javier Silva

5.      Plaintiff is an individual residing in El Paso County, Texas. Plaintiff has standing to file this lawsuit.

6.      Plaintiff worked for Defendant from on or about February 2019 through August 2021.

7.      Plaintiff was paid an hourly rate of approximately $20.00 per hour, but was not paid overtime premium pay for all hours worked over forty (40) in each seven day workweek.

8.      Plaintiff frequently worked seven days in a workweek and more than forty hours in such workweeks.

9.      Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B.      Collective Action Members

10.      The putative Collective Action Members are all current and/or former oilfield truck driver employees who worked for Defendant and who, like Plaintiff, were not paid time and one-

half their respective rates of pay for all hours worked over forty in each seven-day workweek for the time period of three years preceding the date this lawsuit was filed and forward.

11.     Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

C.     **Class Action Members**

10.     Plaintiff seeks to certify a Rule 23 class action on behalf of all oilfield truck driver employees in the state of New Mexico who worked for Defendant and who, like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven-day workweek

11.     Plaintiff can satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure to maintain a class action with respect to the putative Class Action Members' claims.

12.     The relevant time period for the claims of the putative Class Action Members is the date that the alleged violation began to occur and forward.

D.     **Defendant Agave Transportation Services Inc.**

13.     Defendant Agave is a corporation organized under the laws of the State of Texas.

14.     During all times relevant to this lawsuit, Defendant has done, and continues to do, business in the State of New Mexico.

15.     Defendant's principal office and principal place of business in New Mexico is located at 1200 W Derrick Rd, Carlsbad, NM 88220.

16.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

17.     At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

18.     Defendant is/was an employer of Plaintiff and the putative collective/class action members.

19.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, drilling fluids, mud trucks and/or tanks, personal protective equipment, computers, and other supplies/materials used in connection with oilfield operations.

20.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

21.     Defendant may be served with summons through its registered agent Jose Marcos Guzman at 1200 W Derrick Rd, Carlsbad, NM 88220.

### III.     JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

23.     This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

24.     The United States District Court of New Mexico has personal jurisdiction over Defendants because Defendants do business in New Mexico and in this District, and because many

of the acts complained of and giving rise to the claims alleged occurred in New Mexico and in this District.

25.     Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

## IV.     FACTUAL BACKGROUND

26.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

27.     Agave is an oilfield services company that does business in New Mexico and Texas. It provides vacuum truck and other services.

28.     Plaintiff was employed by Defendant as, amongst other things, a vacuum truck driver in connection with Defendant's wastewater hauling business operations. Plaintiff transported wastewater from oilfield wellsites in New Mexico to disposal sites in New Mexico. Plaintiff never crossed state lines in connection with his work, and to Plaintiff's knowledge Defendant never directed a driver to cross state lines in connection with the waste transportation services it provided.

29.     At material times, Defendant paid Plaintiff an hourly rate of approximately $20.00 for some of his hours of work irrespective of whether Plaintiff had already worked forty (40) hours in a workweek. Plaintiff frequently worked over forty (40) hours in a seven day workweek. Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over forty (40) during each and every workweek.

30.     Defendant also failed to pay Plaintiff for all of his hours of work. For instance, Defendant did not pay Plaintiff for time spent driving its vacuum truck from the yard to a jobsite.

Defendant did not pay Plaintiff for time spent returning the vacuum truck to the yard after dumping. Defendant did not pay Plaintiff for all compensable time spent working.

31.     During times relevant, Defendant employs/employed numerous other employees in connection with its oilfield services business operations who are/were similarly situated to Plaintiff. Those employees are/were also paid on an hourly basis, routinely work/worked in excess of forty (40) hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over forty (40) in each and every workweek.

## V.     FLSA CLAIMS FOR OVERTIME PAY

32.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

33.     All conditions precedent to this suit, if any, have been fulfilled.

34.     At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

35.     At all times relevant to this lawsuit, Defendant has been an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

36.     Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e)

37.     Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

38.     Plaintiff and putative Collective Action Members are/were paid on an hourly basis by Defendant.

39.     At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

40.     Plaintiff and putative Collective Action Members are/were not paid for all compensable hours of work when they worked for Defendant.

41.     Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

42.     Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

43.     29 U.S.C. § 211(c) provides in relevant part:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports there from to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

44.     29 C.F.R. § 516.2 further requires that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and the total hours worked by each employee during the workweek.

45.     To the extent that Defendant failed to maintain all records required by the aforementioned statute and regulations, and failed to furnish to Plaintiff and the putative Collective Action Members comprehensive statements showing the hours they worked during the relevant time period, Defendant also violated the law in that regard.

46.     When an employer fails to keep accurate records of hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 is controlling. That rule states:

[W]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer failed to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

47.     The U.S. Supreme Court set forth the above standard to avoid allowing the employer to benefit by failing to maintain proper records. Where damages are awarded pursuant to the standard in *Mt. Clemens*, "[t]he employer cannot be heard to complaint that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id.*

48.     Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

49.     Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

50.     Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

51.     Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.   COLLECTIVE ACTION CLAIMS

52.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

53.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

54.     Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> all similarly situated current and former oilfield truck driver employees who worked for Defendant and who like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven-day workweek for the time period of three years preceding the date this lawsuit was filed and forward.

55.     Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid an hourly rate for some hours of work without receiving overtime premium pay for all hours worked over forty (40) in each seven-day workweek.

56.     Plaintiff has personal knowledge that Defendant's policy to not pay for all compensable hours of work was not personal to him but affected the putative Collective Action Members.

57.     The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

58.     The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendants' failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

59.     The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

60.     Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

61.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

62.     Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.     NMMWA CLAIMS FOR OVERTIME PAY

63.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

64.     At all times relevant to this lawsuit, Defendant has been an employer within the meaning of N.M. Stat. Ann. § 50-4-21(B).

65.     At all times relevant to this lawsuit, Plaintiff was an employee of Defendant within the meaning of N.M. Stat. Ann. § 50-4-21(C).

66.     The NMMWA requires payment of one and one-half times the employee's regular rate of pay for each hour worked over forty (40) hours per workweek (*see* N.M. Stat. Ann. § 50-4-22(D)).

67.     As the result of the foregoing conduct, as alleged, Defendants failed to pay all wages due under the NMMWA by failing to pay all due and owing overtime wages to Plaintiff. This conduct violated the NMMWA.

68.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered from a loss of income and other damages.

69.     Pursuant to N.M. Stat. Ann. § 50-4-32, Plaintiff is entitled to recover for all violations that occurred as part of Defendant's continued course of conduct regardless of the date on which they occurred.

70.     Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. Stat. Ann. § 50-4-26(C)-(E), which authorizes a private cause of action for Plaintiff and the Class Members. Under that statute, Plaintiff and the Class Members are entitled to their unpaid wages, plus an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under New Mexico Law.

## VIII.    CLASS ACTION ALLEGATIONS (NMMWA)

71.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

72.     Plaintiff brings his NMMWA claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

73.     Plaintiff proposes an initial definition of the New Mexico Class Members as:

all similarly situated current and former oilfield truck driver employees who worked for Defendant and who like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven-day workweek

74.     Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

75.     Plaintiff and the putative class action members were not exempt from the NMMWA.[1]

---

1    Unlike the FLSA, the NMMWA does not have an exemption for employees who work for certain motor carriers – this includes interstate commerce drivers who operate vehicles with a gross vehicle weight rating over 10,000 pounds. *See McLeland v. 1845 Oil Field Servs.*, 97 F. Supp. 3d

76.     Numerosity (Fed. R. Civ. P. 23(a)(1)) – The New Mexico Class is so numerous that joinder is impracticable. On information and belief, the number of New Mexico Class Members exceeds forty (40).

77.     Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the New Mexico Class, including but not limited to, the following:

     a.  Whether Defendant maintained a policy or practice of failing to pay all due and owing overtime wages by failing to pay Plaintiff and the putative New Mexico Class Members for all compensable hours of work, and by failing to pay hours worked over forty (40) in each seven (7) day workweek at the applicable overtime premium rate of time and one half the regular rate of pay, and;

     b.  The proper measure of damages sustained by the putative New Mexico Class.

78.     Typicality (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative New Mexico Class. Plaintiff, like other New Mexico Class Members, was subject to Defendants' policies or practices of failing to pay all due and owing overtime wages by paying Plaintiff and the putative New Mexico Class Members a day rate and/or straight time hourly wages without overtime premium pay irrespective of their hours of work. Plaintiff's job duties and claims are typical of those of the putative New Mexico Class.

79.     Adequacy (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative New Mexico Class.

80.     Adequacy of Representation (Fed R. Civ. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment

---

855, 864 (W.D. Tex. 2015) (holding FLSA does not preempt the NMMWA's more stringent protections, which require that employers pay employees covered by the Motor Carrier Act overtime).

litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees seeking back overtime and minimum wages, and other wage and hour concerns. Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative New Mexico Class Members.

81. <u>Predominance and superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the New Mexico State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative New Mexico Class predominated over any questions affecting only individual members of the putative New Mexico Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies or practices unlawfully failed to compensate members of the putative New Mexico Class. The damages suffered by individual New Mexico Class Members are small compared to the expense and burden of individual prosecution of this action. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' policies or practices.

82. <u>Ascertainability</u> – The identity of the members of the New Mexico Class is readily ascertainable based on Defendant's records.

83. <u>Notice</u> (Fed. R. Civ. P. 23(c)(2)(B)) – Plaintiff intends to send notice of this lawsuit to all New Mexico Class Members to the extent provided by Rule 23.

## IX.    JURY DEMAND

84. Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members/Class Members on all issues.

## X.      DAMAGES AND PRAYER

85.      Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective/Class Action Members be awarded a judgment against Defendant for the following or order(s) from the Court for the following:

a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

b. An order certifying this case as a class action under Rule 23 for the New Mexico state law claims;

c. All damages allowed by the FLSA and NMMWA, including back wages;

d. Liquidated damages in an amount equal to FLSA-mandated back wages and/or NMMWA-mandated back wages;

e. Legal fees, costs and expenses, as permitted under the FLSA and/or NMMWA;

f. Pre- and Post-judgment interest, as permitted under the FLSA and/or NMMWA;

g. All other relief to which Plaintiff and the putative Collective Action Members/Class Members may be justly entitled.

h.

Dated: November 18, 2021                         Respectfully submitted,

By:      s/Melinda Arbuckle
         Melinda Arbuckle
         marbuckle@eeoc.net
         Ricardo J. Prieto
         rprieto@eeoc.net
         Shellist Lazarz Slobin LLP
         11 Greenway Plaza, Suite 1515
         Houston, TX 77046
         (713) 621-2277 – Telephone
         (713) 621-0993 – Facsimile

         COUNSEL  FOR  PLAINTIFF  AND  PUTATIVE
         CLASS AND COLLECTIVE ACTION MEMBERS