UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JAVIER SILVA, *on behalf of himself
and all others similarly situated*,

    Plaintiff,

v.                                                                                          Civ. No. 21-1117 GJF/GBW

AGAVE TRANSPORTATION
SERVICES, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's "Opposed Motion for Conditional Certification" [ECF 14] ("Motion"). The Motion is fully briefed. *See* ECFs 17 ("Response"), 19 ("Reply"). Oral argument on the Motion occurred on January 31, 2023.[1] Having reviewed this record, the applicable law, and for the reasons explained below, the Court **DENIES** the Motion **WITHOUT PREJUDICE**. In accordance with Defendant's suggestion, however, the Court will permit Plaintiff sixty (60) days in which to file a renewed motion after conducting discovery related solely to the Complaint's Fair Labor Standards Act ("FLSA") collective allegations.

**I.   BACKGROUND**

Defendant offers oilfield transportation services, including vacuum truck services. ECF 1 at ¶ 27 ("Complaint"). From February 2019 to August 2021, Defendant employed Plaintiff to drive a vacuum truck in New Mexico for a "straight pay"[2] rate of approximately $20.00 per hour. *Id.* at ¶¶ 6, 7, 28–29. This job generally involved transporting wastewater from

---

[1] The hearing transcript ("Tr.") is attached to this Order.

[2] Labor law differentiates "straight pay"—a worker's rate of pay—from overtime pay.

1

oilfields to disposal sites. *Id.* at ¶ 7. It also "frequently" required working more than 40 hours in a given seven-day workweek. *See id.* at ¶¶ 7, 8; *accord* 29 U.S.C. § 207(a)(1) (requiring employers to pay covered employees who work more than forty hours in a given workweek at least "one and one-half times the regular [wage]").

As summarized in the Complaint, Plaintiff alleges that Defendant erroneously paid him straight time when he was entitled to overtime premiums. *E.g.*, *id.* at ¶ 29 (alleging that Defendant purposefully ignored Plaintiff's first ten hours of overtime per pay period); *cf.* Mot. at 1–2 (but acknowledging that Defendant properly yet inexplicably paid overtime for hours fifty and beyond). Plaintiff contends that the failure to pay overtime for hours forty to fifty constituted a willful violation of the FLSA and the New Mexico Minimum Wage Act ("NMMWA"). *See generally* Mot. at 1–2; Compl. at ¶¶ 1, 3, 29–30 (first citing 29 U.S.C. §§ 201–19, and then citing N.M. Stat. Ann. §§ 50-4-19 to 50-4-30 (2016)).

The Motion seeks an order authorizing the mailing of notice about this putative FLSA collective action to all New Mexico truck drivers who were employed by Defendant at any time since November 18, 2018. Compl. at 1. The Motion also requests an order requiring that Defendant provide contact information for any current or former employee who could qualify as a putative plaintiff. *Id.* at 15. Finally, the Motion asks the Court to equitably toll the FLSA's statute of limitations for all putative plaintiffs who have yet to opt in. *Id.*

## II.  LEGAL STANDARD

The FLSA allows an employee to bring claims against his employer individually or collectively through "conditional certification"—a designation which allows the employee to form a temporary class on behalf of himself and "similarly situated" coworkers. 29 U.S.C.

§ 216(b).³ On a sufficient showing, the plaintiff-employee becomes entitled to court-authorized notice to alert similarly situated employees of their opportunity to bring claims against their employer.

Because the FLSA fails to define the term "similarly situated," the Tenth Circuit endorses a two-stage process for evaluating FLSA collective-action certifications. *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). The first stage—the so-called "notice stage"—asks whether the putative class members are "similarly situated" enough to authorize the issuance of mailed notice to other potential plaintiffs. *E.g.*, *In re Bank of Am. Wage & Hour Emp. Litig.*, 286 F.R.D. 572, 576 (D. Kan. Sept. 27, 2012); *see also Folger v. Medicalodges, Inc.*, No. 13-1203, 2014 WL 2885363, at *2 (D. Kan. June 25, 2014) (unreported).⁴ This analysis begins with "the logically preliminary question . . . whether the putative class shares similar job duties with [P]laintiff." *E.g.*, *Stubbs v. McDonald's Corp.*, 227 F.R.D. 661, 665 (D. Kan. Mar. 4, 2004).

The standard at the first stage is "fairly lenient." *Thiessen*, 267 F.3d at 1103; *see also Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005); *Renfro v.*

---

³ The FLSA provides in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (2012).

⁴ Notice is necessary to maintain a FLSA collective action because, unlike a Rule 23 class action, FLSA class members must affirmatively opt in to seek resolution of their claims. 29 U.S.C. § 216(b). Named plaintiffs cannot send out notice without conditional certification, and the statute of limitations begins running on putative plaintiffs' claims until they opt into the temporary class. *Id.*

*Spartan Comp. Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).  It requires the complaint or sworn statements provide "no more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (internal citations and quotations omitted); *e.g.*, *Deakin v. Magellan Health, Inc.*, 328 F.R.D. 427, 432 (D.N.M. Oct. 5, 2018).  Those allegations must "describe the potential class within reasonable limits and provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Landry v. Swire Oilfield Servs., L.L.C.*, 252 F. Supp. 3d 1079, 1114 (D.N.M. 2017) (internal citations and quotations omitted).  But assessing these allegations cannot morph into "weigh[ing] the evidence, resolv[ing] factual disputes, or rul[ing] on the merits of the plaintiffs' claims." *Landry*, 252 F. Supp. 3d at 1116.

Once presented with sufficient allegations of commonality, a court then sets a notice period.  29 U.S.C. § 255(a).  The statute of limitations depends on the alleged FLSA violation: by default, the limitations period is the preceding two years unless the complaint accuses the employer of a willful violation, in which case the statute allows a three-year period.  When the notice period expires, the action proceeds from stage one to stage two—the "decertification stage." *E.g.*, *Thiessen*, 267 F.3d at 1105.[5]

### III. PARTIES' ARGUMENTS

Plaintiff argues the putative class members are "similarly situated" for two reasons: (1) their roles demand similar duties and earn the same pay, and (2) they share a "common employment experience." Mot. at 4, 7; Compl. at ¶ 31.  In support, Plaintiff has provided his sworn declaration attesting to his personal knowledge of Defendant's payroll practices, policies,

---

[5] The decertification stage typically begins on defense motion once discovery ends. *E.g.*, *Thiessen*, 267 F.3d at 1102–03.  At that stage, whether the case proceeds as a collective action depends on judicial application of a stricter "similarly situated" standard. *Id.*

and treatment of other truck drivers because he has had some undefined number of conversations with some unnamed coworkers. ECF 14-1 at ¶ 9 ("Declaration"). He also included a sizable sample of paystubs as evidence that Defendant paid him straight time instead of overtime for weekly hours between 40 and 50. ECF 14-2.

For its part, Defendant makes three arguments backed by mostly unreported cases or non-binding authorities. First, Defendant disputes that Plaintiff has satisfied his stage-one burden of production. Defendant frames the Complaint and Plaintiff's Declaration as "bare and conclusory" allegations lacking "actual knowledge" that fall short of the "similarly situated" showing needed for conditional certification and the willfulness showing necessary for a three-year notice period. Resp. at 4–5, 13. According to Defendant, these sweeping and conclusory allegations leave the Court unable to identify a putative class and, even if putative plaintiffs could be found, their claims would require individualized factual inquiry not amenable to collective treatment. *See id.* at 6–7. Second, Defendant insists that conditional certification is premature. *Id.* at 9–12. Instead, Defendant invites the Court to defer the conditional certification decision until Plaintiff either shows that notice is "necessary" and in "the best interest of the Court or the parties" or the parties participate in "preliminary discovery." *Id.* at 10–11. Finally, in the event that conditional certification occurs, Defendant asks that Plaintiff "cover the costs associated with conditional certification" because "cost shifting is fair" considering the "overly burdensome" disruption to its business operations it predicts will follow. *Id.* at 10–12.[6]

---

[6] This opinion required the Court to consider only Defendant's argument that Plaintiff's allegations were impermissibly conclusory. But, because Plaintiff has sixty days to file a new motion for conditional certification, the Court notes that this Court and the Tenth Circuit have rejected Defendant's remaining arguments before. *See, e.g.*, Deakin, 328 F.R.D. at 435 (quoting *Ruggles v. WellPoint, Inc.*, 591 F.Supp.2d 150, 161 (N.D.N.Y. Nov. 6, 2008)) ("Defendants' arguments about the dissimilarity between job duties go to the *second* stage of certification. . . . '[T]o determine the facts, determine credibility of deponents, and resolve legal contentions, . . . we are directed to avoid.'").

## IV. DISCUSSION

At this stage of the proceedings, the Motion turns on a single narrow question: whether the Complaint and Declaration provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (internal citations and quotations omitted); *accord* 29 U.S.C. § 216(b).[7] Answering this question requires the Court to examine first whether Plaintiff has defined a putative class and, second, whether he has supported that definition with sufficiently detailed allegations. The Court remains mindful that Plaintiff bears the burden of making this threshold showing. *E.g.*, *Deakin*, 328 F.R.D. at 432.

### A. Plaintiff Reasonably Describes a Putative Class

Plaintiff defines a target set limited to:

> All current and former New Mexico hourly paid truck driver employees who worked for Defendant, and who[,] like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty and up to [fifty] (i.e., straight time for overtime) in each seven-day workweek for the time period of three years preceding the date this lawsuit was filed and forward.

Mot. at 11. These allegations describe a hypothetical class (1) sharing an employer, (2) affected by the same formulaic payroll practice, and (3) suffering FLSA rights violations due to that payroll practice. *See, e.g.*, *Bustillos v. Bd. of Cty. Comm'rs of Hidalgo Cty.*, 310 F.R.D. 631, 664 (D.N.M. Sept. 16, 2015); *see also Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1314 n.8 (D.N.M. July 25, 2017) (collecting cases where similar showings support certification). Defendant, however, sees the picture much differently. Citing *Stubbs v. McDonald's Corp.* and *Blancarte v. Provider Plus, Inc.*, Defendant argues that speculative and conclusory allegations cannot show a connection among putative class members because they do not provide the Court

---

[7] Plaintiff's Motion does not request certification of a class for purposes of his state law claims under Federal Rule of Civil Procedure 23. Thus, this Order addresses only FLSA collective action certification.

enough information to infer that the employees were "similarly situated." *See* Resp. at 6–7; *see also Stubbs*, 227 F.R.D. at 665–66; *Blancarte v. Provider Plus, Inc.*, Civ. No. 11-2567, 2012 WL 4442642, at *3 (D. Kan. Sept. 26, 2012) (unreported).

At this stage, the Court is satisfied that Plaintiff's allegations have reasonably defined a putative class of similarly situated employees, at least insofar as their job duties are concerned. Fundamentally, those in Plaintiff's putative class shared the same general task: hauling various materials to or from oilfield well sites in New Mexico. Compl. at ¶¶ 10, 28. Although Defendant has pointed out that its drivers performed three distinct missions, Resp. at 2, Defendant has not shown by declaration or otherwise that the drivers' duties are different in any other meaningful respect. Nor has Defendant offered any evidence that the drivers' pay structure depends on the particular mission of the truck they happen to be driving. Resp. at 2 ("There are three sets of truck driver positions . . . Vacuum Truck Operator, End Dump Operator, and Belly Dump Operator.")

Further, Defendant's case law does little to buttress its position: *Stubbs* involved an inherently distinct pair of positions and a named plaintiff with experience in only one of them, and *Blancarte* involved an alleged "common course of conduct" dependent on the employees' autonomy—choosing to work through lunch—rather than, like here, wage calculations that are solely decided by the employer. *See Stubbs*, 227 F.R.D. at 665–66 (reasoning that conclusory allegations *about the different duties between a "first assistant manager" and "second assistant manager"* left the court unable to define the job duties of the proposed class (emphasis added)); *Blancarte*, 2012 WL 4442642, at *3 ("Although his affidavit is couched in terms of 'we' and 'our,' Plaintiff does not name a single co-worker who shares his concerns, or one willing to provide an affidavit or desire to opt in."). Defendant fails to show or explain how its truck driver

7

positions are as distinct as the managerial positions in *Stubbs*, and *Blancarte*'s fact pattern is inapposite to the one at issue here.

### B. Likelihood that Putative Plaintiffs Are "Similarly Situated"

To prevail, Plaintiff must prove that the putative plaintiffs are "similarly situated" as "victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102 (internal citation omitted). Their positions and claims need to be merely *similar*, not identical. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996); *e.g.*, *Kerr v. K. Allred Oilfield Servs., LLC*, No. 20-CV-00477, 2020 WL 6799017, at *4 (D.N.M. Nov. 19, 2020) (unreported).

Plaintiff alleges not only that he and the other truck drivers are similar, but also that Defendant uniformly applied the same wage calculation method to each driver. Decl. at ¶ 10; Compl. at ¶¶ 28–31; ECF 14-1A (providing almost a year's worth of Plaintiff's payroll documents; *cf.* Resp. at 2 (rebutting neither allegation with reason to believe the job title differences matter). As detailed above, Defendant offers no rebuttal. Plaintiff also alleges no less than approximately forty people fit this description. Compl. at ¶ 76; *but see* Tr. at 5:23–25 (approximating possibly seventy putative class members).

Taking these allegations together, Plaintiff has sufficiently alleged that "proposed class members are employed in similar positions[ ] . . . [and] that the employer defendant engaged in a pattern of not paying overtime," which "is sufficient to allege that plaintiffs are similarly situated with potential opt-in plaintiffs." *Bustillos*, 310 F.R.D. at 665.

### C. Factual Basis for the Court to Assess if Putative Plaintiffs Exist

To be sure, however, describing a plausible hypothetical person is not the same as reasonably showing that such a person exists. Plaintiff's class member description requires support from "some factual basis from which the [C]ourt can determine if . . . potential plaintiffs

exist." *Landry*, 252 F. Supp. 3d at 1114 (internal quotations and citations omitted). To do this, Plaintiff must provide "substantial allegation[s]." *Thiessen*, 267 F.3d at 1102.

The aforementioned description rests entirely on what Plaintiff characterizes as his "personal knowledge," "experience," "observations," and "conversations with [his coworkers]." Decl. at ¶ 9. He broadly alleges that he knows at least some of Defendant's other oilfield truckers operating within New Mexico. Decl. at ¶¶ 10–11. He claims to have spoken with some of them. *Id.* Yet he withholds from his Declaration the particular topics of conversation(s) and the identity of those participant(s) with whom he spoke.[8] Nor does he include where or when those conversations occurred, which would have been particularly helpful considering that Plaintiff's role inherently suggests a solitary workday with little coworker interaction. Plaintiff does not explain whether the drivers reported to a centralized station, drove their trucks to the fields together, stayed at man camps or some other group setting, or whether they had the ability to communicate with each other via radio, cellphone, or other electronic means.

Plaintiff nonetheless insists that this showing—his Declaration, unaccompanied by any co-plaintiffs or opt-in class members despite this case's thirteen-month lifespan—is "a strong preliminary showing" supporting "a reasonable inference" that putative plaintiffs likely exist. Mot. at 7; Tr. at 6:16 (insisting this showing is "enough" due to the proportionately small size of the class without citing authority supporting a proportionately lesser burden for smaller cases at stage one). The Court, however, is not so sanguine. Plaintiff's Declaration omits key details that would permit reasonable inferences such as: Plaintiff interacting with his coworkers enough to

---

[8] When asked at oral argument why the Declaration omitted the identity of any other employee, Plaintiff's counsel reasoned that putative plaintiffs fear retaliation from their employer until they see judicial approval of the proposed class. *See* Tr. at 14:8–15:6. But Plaintiff does not explain why the risk of retaliation is unusually higher here. And in its experience, which now includes forty-seven wage-and-hour cases, this Court has not seen another case in which an alleged collective action has only one named Plaintiff, no opt-ins, and a single declaration by the named plaintiff that identifies by name no other employee. This scenario is particularly worrisome given that this lawsuit was filed some 15 months ago—in November 2021.

establish the rapport necessary to discuss wages, Plaintiff's shift overlapping with those of his coworkers, Plaintiff "observing" any of his coworkers' paystubs, or that Plaintiff actually spoke to anyone—a particularly puzzling omission given the myriad means of alluding to someone without outright naming them. Further, unlike the cases Plaintiff cites,[9] he lacks the corroboration of any co-plaintiffs, opt-ins, or even the declaration of someone other than himself. *See, e.g.*, Mot. at 7; *but see Landry*, 252 F. Supp. 3d at 1086–87 (forty-six opt-ins before certification motion); *Calvillo*, 267 F. Supp. 3d at 1307 (two named plaintiffs, one named-plaintiff affidavit, and one third-party affidavit); *Pruess*, 2020 WL 6544243, at *5 (vague declarations and no opt-ins, but five named plaintiffs); *Deakin*, 328 F.R.D. at 435 (one named plaintiff's allegations referencing conversations including details such as where the conversations occurred).

Thus, "[a]lthough his affidavit is couched in terms of 'we' and 'our,' Plaintiff does not name a single co-worker who shares his concerns, or one willing to provide an affidavit or desire to opt in." *Blancarte*, 2012 WL 4442642, at *3. Nor does Plaintiff submit sufficiently detailed

---

[9] Plaintiff relies on two unreported cases for the proposition that a lone affidavit without external support can carry the burden of conditional certification. The first, *Kerr v. K. Allred Oilfield Services, LLC*, involved similarly vague allegations with one key distinction: the *Kerr* Plaintiff included significantly more specificity in his allegations. He described his proximity to his coworkers both in the oilfield and at the "mancamp" they shared for six to eight weeks at a time. Decl. of Billy Kerr at ¶¶ 38–39, 54–58, *Kerr v. Allred Oilfield Servs., LLC*, (No. 2:20-cv-00477), 2020 WL 6799017. Plaintiff, by comparison, failed to allege where, if ever, he crossed paths with coworkers, which the Court deems necessary to infer the people Plaintiff describes—oilfield truckers like him that want to vindicate their FLSA rights—actually exist. The second case, *Halle v. Galliano Marine Service, LLC*, is a red herring. The *Halle* court never considered a categorical opposition to conditional certification like here because that non-movant limited his objection to the scope of the class (because supervisors were included). *See Halle v. Galliano Marine Serv., LLC*, Civ. No. 15-5648, 2018 WL 1757343, at *2 (E.D. La. April 12, 2018).

Defendant's remaining opposition rests on "arguments [that] are not compelling Most of these arguments go either to the second stage of the analysis or to the merits of the case." *Calvillo*, 267 F. Supp. 3d at 1313; *compare* Resp. at 4–8 (confusing allegations with evidence and insisting that the claims are too idiosyncratic), *with Calvillo*, 267 F. Supp. 3d at 1313 ("[T]hese issues go more to the merits of this case rather than to conditional certification, which at this initial stage requires *no actual evidence to be presented, but only substantial allegations* . . . . [P]lain and simple: individualized damages have no bearing at the conditional certification stage" (emphasis added)), *and Daugherty v. Encana Oil & Gas (USA), Inc.*, 2011 WL 6399451, at *5 (D. Colo. Dec. 20, 2011) (unpublished) ("[W]here putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan.").

10

allegations to support the inference that he knows his coworkers' amenability to this lawsuit as well as he claims. *Thiessen* set forth an admittedly lenient standard but without at least some additional corroborative details, the Court lacks a "reasonable basis" by which to determine these hypothetical people are more than a metaphysical possibility.[10]

## V. CONCLUSION

In its discretion, the Court will permit Plaintiff to conduct discovery limited to the issue of whether to conditionally certify a FLSA collective action. The Court notes that Defendant itself first suggested such a course of action in its briefing, Resp. at 11–12, and reiterated the suggestion at oral argument. Tr. at 23:20–24. Given the time that has already elapsed since the case was filed, the Court will grant Plaintiff sixty days from the date of its order to conduct the discovery necessary and file a renewed motion. Of course, if the results of discovery permit the parties to agree on conditional certification, they should file a notice to that effect.

For the foregoing reasons,

**IT IS ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties are permitted a sixty-day discovery period related solely to the Complaint's FLSA collective allegations. Discovery in this interim period shall be limited to ten (10) interrogatories, ten (10) requests for production, ten (10) requests for admission, and one (1) deposition not to exceed four (4) hours.

**FINALLY, IT IS ORDERED** that, no later than **April 17, 2023**, Plaintiff must file either a renewed Motion to Certify or a notice representing that this case will proceed as an individual action.

---

[10] To be sure, the Court is not assessing Plaintiff's credibility but only evaluating whether the allegations, even if presumed true, sufficiently lay out a connection between Plaintiff's sworn statements and the conclusions he reaches in his Declaration. The Court finds these allegations too conclusory, sweeping, and broad-brush because they fail to adequately explain the basis for Plaintiff's knowledge.

11

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*